OSTERHAUS, J.,
concurring in part and in result with opinion.
I agree with the results reached by my colleagues. I- think first that the text of Florida’s Constitution and laws, as interpreted by our court’s prior University of North Florida decision, resolves the housing-related field preemption claims raised here. See Art. I, § 8, Fla. Const, (authorizing the legislature to regulate in the area of firearms); § 790.115(2)(a), Fla. Stat. (“A person shall not possess any firearm ... ■ on the property of any school.”); § 790.25, Fla. Stat. (“The protections of this section do not apply to ... a person using ... firearms in violation of [§ 790.115].”).
Florida Carry alleged very broad, state law-based field .preemption claims in this case, requesting that the University of Florida be enjoined from enforcing any and all firearms-related regulations. Its preemption claims do not stand up under the provisions of state law cited above, nor under our court’s opinion in Florida Carry, Inc. v. University of North Florida, 133 So.3d 966 (Fla. 1st DCA 2013) (en banc) (UNF). In UNF, our court recognized the law to provide universities some level of authority to regulate in the area of firearms. The . decision cited § 1001.706(7)(b), for example, in which the legislature defined the powers and duties of the Board of Governors by requiring them to develop guidelines for university' boards' of trustees relating to the use, maintenance, protection of university-owned buildings and property, including the option of “placing restrictions on ... firearms.” Our UNF decision interpreted this text to delegate a measure of firearms-related regulatory authority to the universities: “We recognize that section 1001.706(7)(b), Florida Statutes (2011), gives the board of governors the authority to restrict the use of firearms ... among other things.” UNF, 133 So.3d at 975-76. Id. at 977 (noting that “[t]he board of governors has .'.. delegated the responsibility for ‘campus safety1 to the various boards of trustees”). As such, state law does not wholly preempt the University of Florida from regulating firearms on its campus.
I also agree with my colleagues conclusions on the immunity- and vehicles-related issues. According to the record, the University of Florida conformed its policies to this court’s UNF decision and has not enforced a conflicting regulation against anyone.